UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNIE E. McDANIEL,

        Petitioner,

v.                                        Case No.  8:11-cv-1395-T-33TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,
SHERIFF GRADY JUDD,

        Respondents.
_____

## ORDER

This cause is before the Court on Petitioner Connie McDaniel's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus.  McDaniel seeks an order from this Court directing the state trial court to award jail credit on her sentence imposed upon revocation of her community control in case no. CF09-7302- XX, which arises out of the Tenth Judicial Circuit, Polk County, Florida. McDaniel does **not** attack her convictions or the revocation of her community control.

A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

## BACKGROUND

On November 17, 2009, McDaniel entered a nolo contendere plea to possession of methamphetamine and possession of drug paraphernalia as charged in case no. CF09-7302-XX. She also pled nolo contendere to possession of drug paraphernalia in case no. CF09-5130-XX. (Resp. Ex. 1, felony plea form). In return, the state nolle prossed a felony

count, possession of methamphetamine, in case no. CF09-5130XX.  In accordance with her plea terms, McDaniel was adjudicated guilty of the offenses to which she plead no contest and was placed on 24 months probation for possession of methamphetamine in case no. CF09-7302-XX. Concurrent probationary terms of 12 months were imposed on the misdemeanor counts. McDaniel did not appeal her original judgment. (Resp. Ex. 2).

At McDaniel's request, her terms of supervision were modified by court order on July 9, 2010. (Resp. Ex. 3). Subsequently, McDaniel was arrested for violating probation by committing a new offense. On December 20, 2010, she admitted violating the terms of supervision.  Revoking probation, the state trial court placed McDaniel on 18 months community control. (Resp. Ex. 6). McDaniel did not appeal the orders revoking probation and imposing community control. (Resp. Exs. 7, 8)

Again, McDaniel was arrested for violating community control.  She admitted the violation on April 15, 2011. Community control was revoked, and she was sentenced to 364 days in the Polk County Jail.  She did not appeal the order of revocation dated May 3, 2011, nunc pro tunc to April 15, 2011. (Resp. Ex. 11).

On April 25, 2011, McDaniel filed an undated pro se motion for jail credit. (Resp. Ex. 12). On April 27, 2011, the state trial court entered an order granting additional jail credit. (Resp. Ex. 13). McDaniel filed pro se motions for mitigation and reduction of sentence and to correct sentence under Fla.R.Crim.P. 3.800(c) and 3.800(a) respectively, each dated May 24, 2001.  On June 6, 2011, the motions were denied in separate orders. (Resp. Exs. 14-17).[1]

---

[1] The rule 3.800(c) order was not appealable. *See e.g., Mathis v. State*, 959 So. 2d 378 (Fla. 3rd DCA 2007) (dismissing appeal of order denying rule 3.800(c) motion).

McDaniel filed another pro se motion for additional jail credit dated June 9, 2011. The motion was denied on June 21, 2011. That same day, McDaniel constructively filed the instant 28 U.S.C. § 2254 petition for writ of habeas corpus.  McDaniel was released from incarceration on September 14, 2011.

## SECRETARY, DEPARTMENT OF CORRECTIONS NOT A PROPER RESPONDENT

The Secretary is not a proper respondent because McDaniel is not, nor ever was, in the Department's custody on her state court judgment. The respondent in a habeas action is "the state officer having custody of the applicant" if the applicant is in custody. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Rule 2, advisory committee's notes. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

At the time McDaniel filed her federal petition, Sheriff Grady Judd was her custodian. Upon revocation of community control, she was sentenced to 364 days in jail, with credit for time served. She has since been released. Because she has been released, the State of Florida is now the proper respondent in this cause.

## DISCUSSION

## PRESENT PETITION IS MOOT

None of McDaniel's grounds presents a live controversy. In ground one, McDaniel attacks the state trial court's award of jail credit. In addition, she asserts that the jail classification personnel did not apply the credit the state trial court awarded her.

In ground two, McDaniel claims, in constitutional terms, that she is serving time

"twice" on her case. She contends that she has not been credited with the time she believes is appropriate.

In ground three, McDaniel claims her trial counsel was ineffective for failing to ensure that she received all of the pre-sentence jail credit to which she was entitled. According to McDaniel, her appointed counsel did not heed her post-sentencing requests for help to correct her "out date" for release from incarceration.

In ground four, McDaniel suggests she has been discriminated against by jail personnel based on her sex. According to McDaniel, male inmates at the Polk County jail remain eight weeks in the jail rehabilitation program, but female inmates must remain sixteen weeks to complete the program.

It is not necessary to address McDaniel's petition. Her release from incarceration upon expiration of her jail sentence has mooted all aspects of her petition.

### Mootness

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction to do so. U.S. Const. Art. III, § 2; *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1327 (11th Cir. 2004). Mootness can occur due to a change in circumstances or a change in law. *Id.* at 1328. A case is also moot when the issue presented is no longer live; the parties lack a legally cognizable interest in its outcome; or a decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (internal citation omitted). Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible

advisory opinion." *Id.* Whether a habeas petition presents a case or controversy hinges on whether the petitioner suffers "collateral consequences" as a result of the conviction he challenges. *Spencer v. Kemna*, 532 U.S. 1, 7 (1998); *Maggard v. Florida Parole Comm.*, 616 F.2d 890, 891 (5th Cir. 1980) (citations omitted).[2]

This Court may not afford McDaniel the relief she seeks, even if she could establish an unconstitutional deprivation relative to the jail credit awarded her by the state court or the length of her service in the jail rehabilitation program. McDaniel does not attack her conviction or the legality of her sentence, and her issues regarding credit for jail time on the sentence, as well as the length of her participation in the jail drug rehabilitation program, are no longer live. Because she has been released from confinement and there is no indication that the length of time she spent in jail will have collateral legal consequences, dismissal of the instant proceeding as moot is appropriate.

### FAILURE TO STATE A COGNIZABLE CLAIM IN GROUND FOUR

When a state prisoner challenges the fact or duration of his confinement, and the relief he seeks entails a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972). Conversely, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Ground four pertains to McDaniel's jail life and is not cognizable in a 28 U.S.C. §

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1982) (en banc) the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30,1981.

2254 proceeding. She challenges her former custodian's procedures, and a victory on her ground would not necessarily mean speedier or immediate release, even if she were still in custody. McDaniel's claim does not have sufficient nexus to the length of her incarceration so as to implicate the core challenges identified in *Preiser*.

Furthermore, ground four, like her other grounds, is mooted by her release. Moreover, if and to the extent McDaniel is requesting monetary damages, monetary damages are not available in a federal habeas corpus proceeding. *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004) ("Damages are not an available habeas remedy.").

## NO SUBJECT MATTER JURISDICTION OVER
## STATE LAW CHALLENGES TO JAIL CREDIT AWARD

The claim that pervades McDaniel's petition is that she has not been awarded "sufficient time" for the time she served in jail prior to the revocation of her community control. To the extent McDaniel is alleging that the state trial court improperly applied Florida's crediting statute, § 921.161, Florida Statutes, the claim presents a matter of state law for which federal habeas corpus relief does not lie. *See Griffin v. Florida*, 2009 WL 691327, *6 (N.D. Fla., March 13, 2009)(unpublished)(citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991) (holding that the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction). It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *Whitehead v. Sec'y, Dep't of Corr.*, 2008 WL 423507, *8 (M.D. Fla., Feb. 13, 2008)(unpublished)(citing *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988)); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves

state law issues, is couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508. A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *Carrizales, supra*, 699 F.2d at 1055; *Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir. 1984); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988).

## FAILURE TO RAISE CLAIMS IN STATE COURT AND PROCEDURAL DEFAULT

Grounds one and two of the instant petition are unexhausted and now procedurally barred because McDaniel did not raise the constitutional dimension of her challenges to the jail credit award at sentencing and on direct appeal, or in her rule 3.800(a) motion. When she raised her issue regarding credit in her motion to correct sentence, McDaniel did not fairly present to the state trial court the constitutional claims she raises in grounds one and two. Nor did she fairly present any such claim to the state district court of appeal. She took no appeal from the rule 3.800(a) order.

Any attempt to return to state court to present her grounds in another rule 3.800(a) motion would be procedurally barred because she waived and defaulted her grounds by failing to raise the constitutional dimension in her rule 3.800(a) motion and then on appeal. In Florida, if the substance of a claim is not presented on direct appeal, exhaustion requires both the filing of a rule 3.850 or 3.800 motion and an appeal of its denial to the Florida District Court of Appeal. *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979); *Rodwell v. Singletary*, 114 F.Supp.2d 1308, 1312 (M.D.Fla. 2000) (holding that failure to appeal denial of claim raised in postconviction motion in Florida court resulted in a procedural default)(internal citations omitted).

Having litigated her jail credit issue in a rule 3.800(a) motion, she is barred from

raising the same claim again **in constitutional terms** in another rule 3.800(a) motion. Although rule 3.800(a) does not prohibit the filing of successive motions, a defendant is foreclosed from relitigating the same issue raised in an earlier 3.800(a) motion decided adversely to him. *See State v. McBride*, 848 So.2d 287, 290-91 (Fla. 2003) (holding that relitigation of the same issue in an earlier rule 3.800 motion is barred by collateral estoppel).

McDaniel's grounds are not defaulted because she is barred from raising them repeatedly in state court. *See Green v. Nelson*, 595 F.3d 1245, 1249 n. 1 (11th Cir. 2010) (citing *Cone v. Bell*, 556 U.S. 449 (2009)).  Rather, her grounds are waived, abandoned, and procedurally barred because she did not raise the constitutional dimension of her grounds in her rule 3.800(a) motion. Since she litigated her claim of entitlement to more jail credit than she was awarded, she is barred under the collateral estoppel doctrine from relitigating such a claim in federal constitutional terms in another rule 3.800(a) motion.

Although McDaniel is not yet foreclosed from presenting cause to excuse her default by the two-year limit of rule 3.850, McDaniel has not exhausted any cause allegation. To the extent she relies for cause on her claim that her counsel rendered ineffective assistance relative to the determination of jail credit, McDaniel has not exhausted this claim of proposed omission in a rule 3.850 motion in case no. CF09-7302-XX. Not exhausting cause, McDaniel cannot avoid her default, as the cause and prejudice components are in the conjunctive, and both must be established to escape the preclusive effect of procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

With regard to her substantive claim of ineffectiveness of counsel presented in ground three of the instant petition, even aside from whether the claim could serve to

8

excuse her defaults of grounds one and two, McDaniel has not satisfied the exhaustion requirement by fairly presenting her ground in a rule 3.850 motion and then on collateral appeal. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b),(c). To properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts. *Johnston v. Singletary*, 162 F.3d 630, 634-35 (11th Cir. 1998); *Footman v. Singletary*, 978 F.2d 1207 (11th Cir. 1992). The prohibition against raising non-exhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief." *Kelley v. Secretary*, 377 F.3d 1317, 1344 (11th Cir. 2004).

## AEDPA AND HABEAS TIME LIMITATIONS

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), mixed petitions (where certain constitutional claims have been exhausted but others have not) were to be dismissed without prejudice in order to allow petitioners to return to state court to exhaust remedies. *Rose v. Lundy*, 455 U.S. 509.Ed.2d 379 (1982). The AEDPA, however, imposed a time constraint that required a § 2254 petitioner to seek federal habeas corpus relief within a year of a final adjudication in the state courts.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court assessed how the district court should deal with "mixed" habeas petitions in a post-AEDPA setting. See 544

U.S. at 269. The Supreme Court held that federal courts may now issue "stay and abeyance" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  544 U.S. 266-267. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  544 U.S. at 278. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. *Id.*

Under *Rhines*, if the federal district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278.  After *Rhines*, the Eleventh Circuit stated that when a district court is confronted with a mixed § 2254 petition, the ordinary disposition is either to dismiss it in its entirety or to grant a stay and abeyance. *King v. Chase*, 384 Fed.Appx. 972, 975 (11th Cir. 2010)(citing *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007)). However, in *King*, the Eleventh Circuit construed *Rhines* to require that district courts: (1) make findings as to whether a stay and abeyance is warranted; and (2) if a stay is unwarranted, "allow the petitioner to delete the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  425 F.3d

at 1366 (vacating and remanding to consider whether a stay was warranted because the district court offered petitioner the choice to delete his unexhausted claims before making this threshold finding). In *King*, the Eleventh Circuit remanded with instructions to make the following findings before applying the exhaustion doctrine: (1) whether it was necessary to sua sponte dismiss the ground as unexhausted notwithstanding the government's waiver of exhaustion; and (2) if dismissal was necessary, whether the district court should hold *King*'s petition in abeyance pending exhaustion of his ground, or dismiss his entire § 2254 petition without prejudice and allow him to proceed on only his exhausted claims. The Eleventh Circuit also directed the district court to consider whether a procedural default existed that would render exhaustion futile. 384 Fed.Appx. at 976.

McDaniel defaulted grounds one and two of her petition. Moreover, with respect to each ground in the petition, she does not make the required showing to warrant a stay and abeyance.

Further and alternatively, the AEDPA provides that an unexhausted claim can be denied on the merits to avoid further litigation "for the sake of efficiency." 28 U.S.C. § 2254(b)(2). McDaniel is not entitled to federal review of whether the Florida courts properly applied state law regarding credit to be awarded for time served prior to imposition of her sentence. Given that the state trial court determined the amount of credit to which McDaniel was entitled under Florida law, she is unable to demonstrate any deficiency in her counsel's foregoing a contrary claim, nor actual prejudice under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Accordingly, the grounds can be denied on the merits to avoid further litigation. On the merits, McDaniel is not entitled to habeas corpus relief because her 28 U.S.C. § 2254 petition was rendered moot by her

release.

Accordingly, the Court orders:

That McDaniel's petition is denied.  The Clerk is directed to enter judgment against McDaniel and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 13, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Connie E. McDaniel